Law Office of Mahir T. Sherif
Mahir T. Sherif (135021)
3376 30th Street
San Diego, CA  92104
Tel: (619) 297-4444
Fax: (619) 297-4115

Attorney for Defendant, Michael Alexander Romero

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

### (Honorable Dana M. Sabraw)

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>      Plaintiff,<br><br>vs.<br><br>**MICHAEL ALEXANDER ROMERO**<br><br>      Defendant. | Case No.: 08-CR-1362-DMS-2<br><br>**NOTICE OF MOTIONS, MOTIONS and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS:**<br>**1)  TO COMPEL DISCOVERY; AND**<br>**2)  FOR LEAVE TO FILE FURTHER MOTIONS**<br><br>Date:   June 6, 2008<br>Time:   11:00a.m.<br>Judge:  Honorable Dana M. Sabraw |

**TO:    UNITED STATES OF AMERICA; KAREN HEWITT, UNITED STATES ATTORNEY; AND ASSISTANT UNITED STATES ATTORNEY**

      PLEASE TAKE NOTICE that on June 6, 2008 at 11:00a.m. or as soon thereafter as counsel may be heard, the defendant, MICHAEL ALEXANDER ROMERO, by and through his counsel, Mahir T. Sherif, will respectfully move this court to compel discovery and to grant leave to file further motions.

COMES NOW defendant, by and through his counsel, Mahir T. Sherif, and respectfully requests that this court compel discovery and to grant leave to file further motions. Said motion is made pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P. Rules 12, 16, and 26, and all other applicable statutes, case law and local rules.

SAID MOTION is based upon the instant notice of motion and motion, the attached statement of facts and memorandum of points and authorities in support of this motion, any evidence or argument presented at a hearing on this matter, and for any and all other reasons the court deems proper.

Dated: May 1, 2008                    Respectfully Submitted,

                                      By:    s/ Mahir T. Sherif, Esq.
                                             MAHIR T. SHERIF
                                             (CA Bar No. 135021)
                                             3376 30th Street
                                             San Diego, CA  92104
                                             (619) 297-4444
                                             Fax: (619) 297-4115
                                             mahirsherif@sbcglobal.net

                                             Attorney for Defendant

///
///
///
///
///
///
///
///
///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS**

**I.**

**INTRODUCTION**

On April 15, 2008, defendant was a passenger in a car that was pulled over near Encinitas, California. Defendant is a United States citizen, however, several of the occupants of the car Defendant was a passenger in were undocumented aliens. Defendant was subsequently arrested and charged with transporting illegal aliens. On April 30, Defendant MICHAEL ALEXANDER ROMERO was indicted for violating 8 U.S.C § 1324, Transportation of Illegal Aliens and Aiding and Abetting.

**II.**

**REQUEST FOR DISCOVERY AND TO PRESERVE EVIDENCE**

(1) DEFENDANT'S STATEMENTS. The defendant requests all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1990 amendments to Rule 16 make clear that the government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) ARREST REPORTS, NOTES AND DISPATCH TAPES. The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, the TECS records that relate the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes,

records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963); see also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). The government must produce arrest reports, investigator notes, memos from arresting officers, dispatch and other tapes, sworn statements, and prosecution reports pertaining to the defendant and his arrest. See Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(i). This request is also made pursuant to Fed. R. Crim. P. 12(d) which provides that a defendant may, in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this rule, request notice of the government's intention to use evidence in chief at trial, any evidence which the defendant may be entitled to discovery under Rule 16.

(3) BRADY MATERIAL. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) INFORMATION THAT MAY SUPPORT A LOWER SENTENCE. The defendant requests that the government produce this information, consistent with Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) DEFENDANT'S PRIOR RECORD. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) PROPOSED 404(B) EVIDENCE. The defendant requests that the government produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution … shall provide reasonable notice in advance of trial .. of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests such notice be given at least three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) EVIDENCE SEIZED. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(c).

(8) PRESERVATION OF EVIDENCE. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which related to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, any scientific tests, the vehicle which the defendant drove, the defendant's personal effects, and any evidence seized from the defendant or any third party. The defendant also request that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does so exist, to inform those parties to preserve any such evidence.

(9) TANGIBLE OBJECTS. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, paper, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or

intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(c). Specifically, the defendant requests copies of all photographs in the government's possession of the vehicle. In addition, the defendant requests a copy of any forms containing the <u>Miranda</u> warnings or his waiver of <u>Miranda</u> protection.

(10)  EXPERT WITNESSES. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E). The defense respectfully requests that notice of expert testimony be provided at least three weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert.

(11)  EVIDENCE OF BIAS OR MOTIVE. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987).

(12)  IMPEACHMENT EVIDENCE. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>; <u>see also</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>John Dumas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(13)  EVIDENCE OF CRIMINAL INVESTIGATION OF ANY GOVERNMENT WITNESS. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985).

(14) EVIDENCE AFFECTING PERCEPTION, RECOLLECTION, ABILITY TO COMMUNICATE, OR TO TELL THE TRUTH. The defense requests any evidence, including any medical psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

(15) WITNESS ADDRESSES. The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987), United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective), United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

(16) NAME OF WITNESSES FAVORABLE TO THE DEFENDANT. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identify, or participation in the crime charged. Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980), Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980), Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert denied, 439 U.S. 883 (1978), Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968).

(17) STATEMENTS RELEVANT TO THE DEFENSE. The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert. United States v. Baileaux, 685 F.2d 1105 (9th Cir. 1982).

(18) JENCKS ACT MATERIAL. The defendant requests production in advance of trial of all material, including dispatch tapes, or video recordings, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(19) GIGLIO INFORMATION. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(20) AGREEMENTS BETWEEN THE GOVERNMENT AND WITNESSES. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, criminal prosecution or immigration deportation, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advise concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advise not followed. Further and pursuant to United States v. Sudikoff, 36 F. Supp. 2d 1196 (C.D. Cal. 1999), the defense requests all statements made, either personally or through counsel, at any time which relate to the witnesses' statements regarding this case, any promises

(implied or express) regarding punishment, prosecution or detention of these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

(21) INFORMANTS AND COOPERATING WITNESSES. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The defendant requests that the government disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The defendant also requests that the government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(22) BIAS BY INFORMANTS OR COOPERATING WITNESSES. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include, if any, inducements, favors, payments or threats made to the witness to secure cooperation with the authorities.

(23) GRAND JURY TRANSCRIPTS. The defendant also requests, in order to determine whether the Grand Jury was properly charged, a transcript of the Grand Jury instructions. See Fed. R. Crim. P. 12(i) and 26.

(24) PERSONAL FILES OF GOVERNMENT AGENTS. The defendant requests the personnel file of the interviewing agent(s) containing any complaints of assaults, abuse of discretion and authority and/or false arrest. Pitches v. Superior Court, 11 Cal. 3d 531, 539 (1974). In addition, the defense requests that the prosecutor examine the personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in advance of trial. United States v. Henthorn, 931 F.2d 29, 30-31 (9th Cir.

1991).  If the prosecutor is unsure as to whether the files contain <u>Brady</u> or <u>Giglio</u> material, the files should be submitted to the Court, in camera.  <u>Id</u>.  The prosecution should bear in mind that there exists an affirmative duty on the part of the government to examine the files.  <u>Id</u>.

(25) RESIDUAL REQUEST.  The defendant intends by this discovery motion to invoke his right to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  The defendant requests that the government provide the defendant and his attorney with the above requested material as soon as said material is available, and sufficiently in advance of trial to avoid unnecessary delay prior to cross examination.

### III.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

The Defendant, MICHAEL ALEXANDER ROMERO, by and through his attorney of record, Mahir T. Sherif, respectfully requests the Court grant him leave to file further motions after he has had the benefit of receiving, and the opportunity to review further discovery.

Dated:  May 1, 2008                         Respectfully Submitted,

By:     s/ Mahir T. Sherif, Esq.
        MAHIR T. SHERIF
        (CA Bar No. 135021)
        3376 30th Street
        San Diego, CA  92104
        (619) 297-4444
        Fax: (619) 297-4115
        mahirsherif@sbcglobal.net

        Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby declare that this 1st day of May, 2008, a copy of the foregoing was electronically served via the CM/ECF system on the following parties:

**U S Attorney CR**
U S Attorneys Office Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)557-5917
Email: Efile.dkt.gc2@usdoj.gov

Dated:  May 1, 2008                  Respectfully Submitted,

                                       By:     s/ Mahir T. Sherif, Esq.
                                                      MAHIR T. SHERIF (CA Bar No. 135021)
                                                      3376 30th Street
                                                      San Diego, CA  92104
                                                      (619) 297-4444
                                                      Fax: (619) 297-4115
                                                      mahirsherif@sbcglobal.net

                                                      Attorney for Defendant